SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3301 PA (MLGx) | Date | May 19, 2008 |
|---|---|---|---|
| Title | Great American Ins. Co. v. Sami Hindiyeh, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Rosa Morales | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**　　IN CHAMBERS

　　Before the Court is plaintiff Great American Ins. Co.'s ("Plaintiff") Application for Temporary Restraining Order. According to the Complaint, Plaintiff seeks, among other relief, the equitable remedy of quia timet to compel defendants Sami Hindiyeh and Janet Hindiyeh ("Defendants") to provide adequate security for bonds issued by Plaintiff which Defendants allegedly agreed to indemnify. See Escrow Agents' Fidelity Corp. v. Superior Court, 4 Cal. App. 4th 491, 496, 5 Cal. Rptr. 2d 698, 701 (1992) ("Quia timet allows the surety to prevent the principal from dissipating . . . funds if the surety knows it will be called upon to 'pay the debt or perform the obligation' on the bond, suspects that the principal has some or all of the necessary funds to do so, and fears that the principal may abscond with those funds.").

　　Plaintiff has not requested that the Court issue the requested temporary restraining order without notice. Instead, Plaintiff requests the temporary restraining order be issued after a hearing.[1] Specifically, Plaintiff seeks a temporary restraining order:

　　1.　Enjoining and restraining Defendants from selling, transferring, disposing of or liening their assets and property and further enjoining and restraining said Defendants from allowing their assets and property to be liened during the pendency of the action;

　　2.　Granting a lien in the amount of $780,485.27 in favor of Plaintiff upon all assets and property of the Defendants, including realty, personalty and mixed, owned by the Defendants, and property in which Defendants have an interest. Such lien shall secure Plaintiff against any loss that it has or may sustain or incur by virtue of having executed bonds for HRB Construction, Inc.; and

---

[1]　Although required by Local Rule 65-1, Plaintiff did not submit a proposed temporary restraining order when it filed its application.

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3301 PA (MLGx) | Date | May 19, 2008 |
|---|---|---|---|
| Title | Great American Ins. Co. v. Sami Hindiyeh, et al. | | |

    3.    Requiring Defendants to appear and show cause why such temporary restraining order should not be issued and remain in effect as a preliminary injunction pending disposition of the action.

    The Court orders Defendants to show cause why the temporary restraining order requested by Plaintiff should not issue. The Court sets a hearing on the order to show cause for Monday, June 16, 2008, at 1:30 p.m. in Courtroom 15 of the United States Courthouse, 312 North Spring Street, Los Angeles, California, 90012. Plaintiff shall personally serve Defendants with this order and all other documents previously filed in this action no later than May 23, 2008. Once Defendants have been served, Plaintiff shall immediately file a Proof of Service with the Court. Defendants' Opposition to the issuance of the temporary restraining order, if any, shall be filed by June 5, 2008. Plaintiff may file a Reply no later than June 9, 2008. Any failure by Defendants to appear or oppose the order to show cause may result in the issuance of the temporary restraining order without further notice from the Court.

    In reviewing the Complaint, it appears that Plaintiff has failed to allege properly any basis upon which this Court has jurisdiction.

    The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that sets forth a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    Diversity jurisdiction must appear on the face of the pleading. Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987) (noting that neither the removal petition nor the record indicated diversity of the parties). Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). Residence and citizenship are distinct concepts, with significantly different jurisdictional ramifications. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989).

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3301 PA (MLGx) | Date | May 19, 2008 |
|---|---|---|---|
| Title | Great American Ins. Co. v. Sami Hindiyeh, et al. | | |

The Complaint has improperly alleged the citizenship of Defendants. The Court therefore orders Plaintiff to show cause why the Complaint should not be dismissed with leave to amend. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987) (providing that a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction). Plaintiff's response to the Court's order to show cause why the Complaint should not be dismissed shall be filed by June 9, 2008. An Amended Complaint which cures the jurisdictional defects shall be considered an appropriate response to the order to show cause.

IT IS SO ORDERED.

:

Initials of Preparer